UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SHERIDAN,

        Plaintiff,        Civil Case No. 16-10144
                                Honorable Linda V. Parker

v.

DIVERSIFIED CONSULTANTS, INC., RAFAL
LESZCYNSKI, and LIVEVOX, INC.,

        Defendants.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RULE 23 CLASS CERTIFICATION

This putative class action asserts claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Timothy Sheridan is the only named Plaintiff. On the same date that he initiated this lawsuit, Plaintiff filed a "Motion for Rule 23 Class Certification." (ECF No. 2.) In his motion, Plaintiff asks the Court to reserve ruling on his motion until he has conducted discovery on whether class certification is appropriate. The practice of filing premature motions for class certification in TCPA cases has proliferated in this District as a means to avoid the named plaintiff's claim possibly being rendered moot by the defendant's offer of judgment.[1] However, with the Supreme Court's January 20, 2016 decision in

---

[1] In a footnote to his motion, Plaintiff explains that this is the exact reason he has filed his motion for class certification at the outset. (ECF No. 2 at Pg ID 30 n.1.)

*Campbell-Ewald Co. v. Gomez*, No. 14-857, 577 U.S. – (2016), there no longer is a need for plaintiffs to file premature motions for class certification.

In *Gomez*, the Court addressed the issue of whether an unaccepted offer to satisfy the named plaintiff's individual claim renders a case moot when the complaint seeks relief on behalf of the plaintiff and a class of similarly situated persons. No. 14-857, slip op. at 1 (S. Ct. Jan. 20, 2016). The Circuit Courts of Appeals disagreed on the answer to this question, with the Sixth Circuit holding that an unaccepted offer can moot a plaintiff's claim. *See id*. at 5-6; *see also O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009). The Supreme Court held in *Gomez* "that an unaccepted settlement offer has no force. . . . With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Gomez*, No. 14-857, slip op. at 1. Thus the case is not rendered moot.

In short, there no longer is a reason for Plaintiff to file a motion for certification which he is not able to support at this time. The motion is premature.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Rule 23 Class Certification (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

              s/ Linda V. Parker
              LINDA V. PARKER
              U.S. DISTRICT JUDGE

Dated: January 27, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 27, 2016, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager