UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TIMOTHY SHERIDAN,

        Plaintiff,

Case No. 4:16-cv-10144-LVP-EAS

v.

DIVERSIFIED CONSULTANTS, INC.,
RAFAL LESZCYNSKI and LIVEVOX, INC.

        Defendant.

_____/

### DEFENDANT RAFAL LESZCZYNSKI'S
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)
### AND
### MEMORANDUM IN SUPPORT

Defendant Rafal Leszczynski, misspelled in the Complaint as Leszcynski ("Leszczynski"), by way of limited appearance for purposes of this motion only, through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, files this Motion to Dismiss the Complaint filed by plaintiff Timothy Sheridan ("plaintiff"). This Court lacks personal jurisdiction over Leszczynski and should dismiss pursuant to Fed. R. Civ. P. 12(b)(2). In the alternative, plaintiff has failed to state a claim against Leszczynski pursuant to Fed. R. Civ. P. 12(b)(6). This Court should dismiss defendant Leszczynski.

### Local Rule 7.1(a) Statement

On February 5, 2015, counsel for Leszczynski left plaintiff's counsel, Rex Anderson, a voicemail seeking concurrence for the instant motion. At approximately

noon, also on February 5, 2016, counsel for Leszczynski sent an email to plaintiff's counsel specifically detailing Mr. Leszczynski's intent to file a motion based upon lack of personal jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), respectively.  On or about February 19, 2016, there was a conference and/or email exchange between attorneys on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

## I. INTRODUCTION

Plaintiff alleges Diversified Consultants, Inc. ("DCI") and Livevox, Inc. ("Livevox") violated federal and state law by placing calls to his cell phone without his consent.  Plaintiff however, does ***not*** allege Rafal Leszczynski placed any calls to him or otherwise contacted or attempted to contact him.  Nevertheless, plaintiff names Leszczynski, a DCI employee and Florida resident, as a defendant in this lawsuit.  This Court should dismiss plaintiff's claims against Leszczynski for 2 reasons.

***First***, this Court lacks personal jurisdiction over Leszczynski.  Plaintiff does not allege Leszczynski has any contacts with Michigan, nor could he.  Moreover, plaintiff does not allege Leszczynski has availed himself of the jurisdiction of the state.

***Second***, plaintiff does not allege Leszczynski of any wrongdoing.  Plaintiff's lawsuit is based upon calls he received from DCI and/or Livevox.  Plaintiff does ***not*** allege Leszczynski ever called him or otherwise contacted or attempted to contact him in any way.

This Court should dismiss plaintiff's claims against Leszczynski for lack of

2

personal jurisdiction. In the alternative, this Court should dismiss plaintiff's claims against Leszczynski for failure to state a claim.

## II. BACKGROUND AND FACTS

On January 15, 2016, plaintiff filed the instant lawsuit against DCI, Livevox, and Leszczynski. Plaintiff does not allege any wrongdoing by Leszczynski. Instead, plaintiff states the following, "[t]his class action involves the illegal placement of calls by [DCI] and by and through its affiliate [Livevox][.]" Docket No. 1, ¶ 1. Plaintiff adds "DCI and Livevox use its automated dialers and systems in a predatory way to call consumers and collect accounts," and "DCI and Livevox acting in concert placed numerous telephone calls to plaintiff's cell phone[.]" *Id*. at ¶¶ 1 & 3.

According to plaintiff, "sometime during the summer months of 2014, defendant DCI commenced placing numerous telephone collection calls to plaintiff's cellular telephone number[.]" *Id*. at ¶ 37. Plaintiff asserts that the calls were "from DCI." *Id*. at ¶¶ 40-41. Plaintiff purports to bring the lawsuit on behalf of two classes of persons who, like plaintiff, allegedly received "calls from DCI" or messages "Livevox delivered." *Id*. at ¶ 74.

Plaintiff alleges Leszczynski is an "individual employee of DCI." *Id*. at ¶ 20. However, plaintiff does ***not*** allege Leszczynski placed any calls to him. Plaintiff also does ***not*** allege Leszczynski has any contacts with the state of Michigan. Indeed, Leszczynski has never lived in Michigan, owns no property in Michigan, has no business interests in Michigan, and has never physically set foot in Michigan. *See* Leszczynski Declaration, **Exhibit A**.

3

Plaintiff asserts 4 Counts – 2 under the TCPA against DCI and Livevox and 2 under state law against DCI.  *Id*. at ¶¶ 85-108.  Plaintiff does **_not_** assert any Counts against Leszczynski.

### III. LAW AND ARGUMENT

Plaintiff's claims against Leszczynski should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, Fed. R. Civ. P. 12(b)(6).

#### *A. This Court Does Not Have Personal Jurisdiction Over Leszczynski*

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).  It is well settled in the Sixth Circuit that a court does not have personal jurisdiction over an employee or officer of a company merely because it has jurisdiction over the employing company.  *Robertson v. AVC Sys., Inc.*, 51 F.3d 273 (6th Cir. 1995); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 931 (6th Cir. 1974) ("the activities of the officers in behalf of the corporate defendants did not confer jurisdiction over the individuals"); *Joyner v. MERS*, 451 F. App'x 505, 506 (6th Cir. 2011) ("Jurisdiction over an officer of a corporation may not be based on jurisdiction over the corporation; the officer must have purposely availed himself of the forum.").

In the instant case, plaintiff has not alleged Leszczynski has any contacts with the state of Michigan, nor could he.  To be sure, Mr. Leszczynski has never physically set

4

foot in Michigan. Nor has plaintiff alleged that Mr. Leszczynski directed any conduct to the state of Michigan. Mr. Leszczynski has no contacts with the state of Michigan whatsoever. *See* **Exhibit A**. Indeed, plaintiff alleges DCI and/or Livevox placed calls to plaintiff, ***not*** Leszczynski.

Moreover, asserting jurisdiction over Leszczynski would offend the traditional notions of fair play and justice. While denied, plaintiff alleges DCI and Livevox had institutional processes and systems which violated the TCPA. Clearly the allegations are directed to the acts and omissions of DCI and Livevox, ***not*** Leszczynski. This Court lacks personal jurisdiction over Leszczynski and the claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### B. In the Alternative, Plaintiff Fails to State A Claim Against Leszczynski

Only a complaint that states a plausible claim for relief survives a Rule 12 (b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). Further, the complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (2009). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than

5

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action..." *Twombly*, 550 U.S. at 555.

Plaintiff does ***not*** seek a finding of liability or injunctive relief against Leszczynski. In Count I, plaintiff seeks damages against "DCI and LiveVox" for violations of the TCPA. Docket No. 1, ¶¶ 85-89. In Count II, plaintiff seeks injunctive relief against "DCI/Livevox" pursuant to the TCPA. *Id*. at ¶¶ 90-95. In Count III, plaintiff seeks damages from DCI for violations of the MOC. *Id*. at ¶¶ 96-101. In Count IV, plaintiffs alternatively seeks damages against DCI for violations of the MRCPA. *Id*. at ¶¶ 102-108.

Furthermore, plaintiff does not allege Leszczynski acted in any way that violated the TCPA. Under the TCPA, a parson may not "make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice[.]" 47 U.S.C. § 227(b)(1)(A). Plaintiff, however, does not allege Leszczynski made any calls. Instead, he alleges DCI and Livevox made calls. Finally, plaintiff does not allege Leszczynski attempted to collect a debt from him or contacted him in violation of the MOC or MRCPA. Plaintiff's claims against Leszczynski should be dismissed.

## IV. CONCLUSION

This Court lacks personal jurisdiction over Rafal Leszczynski, who has no contacts with the state of Michigan and has not availed himself of court's jurisdiction. Accordingly, this Court should dismiss Leszczynski. In the alternative, plaintiff has failed to state a claim for relief against Leszczynski.

Dated: March 1, 2016.	Respectfully submitted

/s/Michael D. Alltmont_____
MICHAEL D. ALLTMONT
BRYAN C. SHARTLE
Sessions, Fishman, Nathan, & Israel, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
malltmont@sessions.legal
bshartle@sessions.legal

DEBORAH A. LUJAN, ESQ.
Collins, Einhorn, Farrell & Ulanoff, P.C.
4000 Town Center, Suite 909
Southfield, MI  48075-1473
Telephone: (248) 351-5417
Facsimile:  (248) 355-2277
deborah.lujan@ceflawyers.com

Attorneys for Defendant
Diversified Consultants, Inc.

7

## CERTIFICATE OF SERVICE

I certify that on this 1st day of March, 2016, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Rex C. Anderson, Esq.
Law Offices of Rex Anderson PC
9459 Lapeer Road, Suite 101
Davison, MI  48423

>                                   */s/Michael D. Alltmont*
>                                   MICHAEL D. ALLTMONT